CIACCIO, J. Pro Tem.
This appeal arises following a judgment notwithstanding the verdict increasing plaintiffs award for general damages and future lost wages.
FACTS
This litigation stems from a collision between two semi tractor trailer rigs on November 14, 1998 in Assumption Parish. As the rigs passed each other on the two-lane Louisiana Highway 662, defendant Eugene Stafford poached slightly into plaintiffs lane.
Plaintiff Joseph Lee Delco, Jr. filed suit against Mr. Stafford, his employer, Tycoon Trucking, Inc., and its insurer, Clarendon National Insurance Company, for injuries allegedly sustained in the accident. After a trial, a jury allocated 100 percent fault to defendant Stafford and awarded damages:
General damages $ 3,000.00
Past medical expenses 26,716.46
Future medical expenses 0[2]
Past lost wages 40,000.00
Future lost wages 57,000.00
for a total of $126,716.46. Plaintiff subsequently moved for a judgment notwithstanding the verdict (JNOV), arguing that the damage awards were inadequate. The trial court granted the motion and increased plaintiffs general damage award to $125,000.00 and the award for future lost wages to $150,000.00.
Defendants now appeal, alleging that the trial court erred in granting plaintiffs JNOV by 1) weighing the evidence and evaluating witnesses’ credibility and 2) increasing damage awards that were logical and consistent with the evidence.
IsLAW AND ARGUMENT
LSA-C.C.P. art. 1811 is the authority for a JNOV. In Davis v. Wal-Mart Stores, Inc., 00-0445 (La.11/28/00), 774 So.2d 84, 89 the Louisiana Supreme Court discussed the standard to be used in determining whether a JNOV has been properly granted:
A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making this determination, the court should not evaluate the credibility of the witnesses and all reasonable inferences or factual questions should be resolved in favor of the non-moving party. (Emphasis ours.)
In general, the standard of review for a JNOV is twofold. First, we must determine that the jury verdict was not supported by competent evidence and was wholly unreasonable. To make this determination, we must find that all of the evidence, when viewed in a light most favorable to the party benefiting from the JNOV, points so strongly and overwhelm *461 ingly in his favor that reasonable men could not arrive at a contrary verdict on the issue. Davis v. Wal-Mart Stores, Inc., 774 So.2d at 89. Only if we find that the trial judge properly granted the JNOV will we move forward to the second prong and review the JNOV using the manifest error standard. Id.
Plaintiff testified that only his knee hurt immediately after the accident, but later that night, he went to Terrebonne General Medical Center “[f|or back and neck injury.” Later, on cross examination, plaintiff testified, ‘‘Well, I told [hospital staff] my back and neck was (sic) bothering me, but mainly I had headaches.”
The police report and photographs supported plaintiffs testimony that defendant Stafford “came over into my lane and ran all the way down the side of my truck.” But Dr. William Kinnard testified that plaintiff sought treatment for injuries sustained in a “head-on” collision. At the time, plaintiff told him that the |4knee pain had subsided, but the pain in his back and neck continued. Plaintiff described neck pain and a tingling sensation in both arms, as well as lower back pain and burning in his thighs.
Dr. Kinnard testified that plaintiffs x-rays and neurological exams were normal, but he noted tenderness and spasms in the lower back. According to Dr. Kinnard, the patient cannot control whether and when the muscles will contract in a spasm. Thus, rather than a plaintiffs subjective reports of pain, the spasm served as objective evidence to substantiate his complaints.
Further testing showed a disc abnormality. Dr. Kinnard testified that after several months, conservative treatments had not helped and plaintiff felt that the pain was intolerable. Dr. Kinnard performed disc surgery in June, 1999. By August, the spasms had ceased and plaintiff was able to resume physical therapy. Dr. Kinnard testified that he anticipated releasing plaintiff one year after the surgery.
Plaintiff testified that he had absolutely never hurt his back before this accident. After some memory prodding on cross-examination, plaintiff remembered seeing a doctor for “a little strain, but it didn’t really bother me ...” after attempting to lift a large roll of film at work. Dr. Bruce Guidry testified that he treated plaintiff for a back strain after this incident. In addition, evidence showed that plaintiff filed a 1992 lawsuit alleging lower back strain as a result of an auto accident. Plaintiff testified that he sought treatment at Terrebonne General Hospital for neck and back injury, but that he was not really hurt. Dr. Kinnard testified that plaintiff never told him about any prior back injuries.
Trevor Bardarson, a physical therapist, testified that plaintiff claimed in his evaluation to be severely disabled and unable to return to work. Mr. Bardarson performed a functional capacity test, but deemed the test invalid because, in his opinion, plaintiff did not exert maximum effort. Mr. Bar-darson testified that when he pushed on plaintiffs lower back, his heart rate did not increase as it would for |fisomeone who was truly in pain. What’s more, according to Mr. Bardarson, plaintiffs complaints of pain in various places did not make sense anatomically.
Dr. Christopher Cenac evaluated plaintiff for the defense. Apparently, plaintiff also told Dr. Cenac that he was injured in a “head-on” collision. Dr. Cenac testified that he found no muscle spasm and therefore would not have recommended surgery. He found some evidence of wear and tear, but believed that plaintiff suffered from a pre-existing, work-related degenerative condition. Dr. Robert Guimlty *462 further testified that plaintiffs bulge was fairly common. Even Dr. Kinnard admitted on cross-examination that the lifting incident could have led to the disc bulge and that a significant percentage of the population has that type of wear and tear bulge by age forty.
Plaintiff testified that he would love to return to work, but the pain makes it too difficult. Dr. Kinnard assessed a 10 percent disability and testified that plaintiff was not yet ready to return to work, but could eventually return to light duty. But he would not be able to repeatedly climb in and out of the truck or change a fifty pound tire. Dr. Cenac, on the other hand, testified that plaintiff could probably return to driving trucks.
The jury awarded the full amount for medical expenses and nearly the full amount estimated by plaintiffs expert for past lost wages, but only $3,000.00 in general damages and $57,000.00 in future lost wages. In granting plaintiffs motion for a JNOV, the court expressed “surprise” at the verdict and expressed its own opinions on witnesses’ credibility and weight of the evidence:
Dr. Kinnard gave very credible and a reasonable explanations (sic) of why there was a herniated disk (sic). And the Court believes that Dr. Kinnard’s evaluation was correct in this case. Dr. Cenac was an I.M.E. By law, the treating physician, his testimony is entitled to greater weight. And I don’t necessarily believe that the jury rejected that he received a herniated dis(c).
But from a credibility standpoint, Dr. Kinnard’s testimony was certainly credible, and the Court does accept that as being the credible version. If I was the judge in that case, I certainly would lfihave accepted Dr. Kinnard’s testimony under the circumstances we had.
I had great concern for the [functional capacity evaluation] testimony.... But I could see where [it] would have lended (sic) credence to the theory that maybe he wasn’t hurt as bad and he was malingering or not of being cooperative.
But on the other side of the coin, if you listen to the doctor’s explanation, or the, you know, the explanation for the response and other possible reasons for those responses, that did not lend to me a reasonable explanation that would indicate that the Plaintiff was malingering or not being credible.
Based on the — the Court found the Plaintiff credible; I just didn’t find him very verbal.... While he did different types of jobs, it appeared that he always seemed to be moving on to some higher paying jobs in his work history, and he exhibited a willingness to work. So, the Court feels that, you know, that aspect of the award, the future loss (sic) wage needs to be modified.
As noted above, the trial court shall not independently evaluate witness credibility and weigh evidence when considering a JNOV. Davis v. Wal-Mart Stores, Inc., 774 So.2d at 89. All reasonable inferences or factual questions should be resolved in favor of the non-moving party. Dr. Cenac testified that he found no concrete evidence of injury related to this accident and would not have recommended surgery in this instance. Furthermore, defendant offered several conflicting statements by plaintiff. We do not know that the jury relied upon these inconsistent statements and, as a result, determined that the plaintiff was exaggerating his injuries. But even if that were the case, the trial judge cannot properly overrule the jury’s finding simply because the court felt that the in *463 consistencies were the result of poor verbal skills rather than an untruthful nature.
Considering the evidence presented by defendant, we find that it was of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions. The parties introduced conflicting evidence on how the accident happened, the severity of the crash, the nature and extent of plaintiffs injuries, if any, as well as the extent of plaintiffs | -¡.disability, if any. The trial judge improperly evaluated the witnesses’ credibility and weighed evidence in setting aside the jury verdict. Reasonable questions of fact should have been resolved in favor of defendants. Accordingly, we reverse the JNOV and direct the trial court to reinstate the jury’s verdict.
CONCLUSION
For these reasons, the JNOV granted by the trial court is reversed and the trial court is ordered to reinstate the jury’s verdict. We now remand this matter to the trial court and order judgment rendered and signed in accordance with the jury verdict. All costs of this appeal are assessed to plaintiff-appellee.
REVERSED AND REMANDED.
KUHN, J., concurs and assigns reasons.

. In his closing argument, plaintiff's attorney told the jury that despite the listing for future medical expenses on the verdict form, he was not asking for damages in this category.