2PER CURIAM.
In this personal injury case arising out of an automobile accident, plaintiff sought an increase in the jury’s awards for general damages and future lost wages by means of a motion for judgment notwithstanding the verdict. Plaintiff did not seek a new trial in the • alternative. The trial court granted the motion and increased both awards. Defendants appealed. This Court reversed the JNOV and ordered the trial court to render judgment in accordance with the jury verdict.
On remand, plaintiff filed a new motion for JNOV, this time accompanied by an alternative motion for new trial. After a hearing, the trial court granted plaintiffs motion for JNOV, once again increasing the general damage and future lost wages awards; the court also conditionally granted plaintiffs motion for new trial. Defendants filed a suspensive appeal in addition to the instant writ application. Acknowledging that a JNOV is an appealable judgment, defendants nevertheless urge this Court to exercise its supervisory jurisdiction and resolve the issues raised herein on writs. We believe that an exercise of this Court’s supervisory jurisdiction is warranted under the circumstances of this case.
In reviewing the grant of a JNOV, the appellate court must first determine that the jury verdict was not supported by competent evidence and was wholly unreasonable. To make this determination, we must find that all of the evidence, when viewed in a light most favorable to the party benefiting from the JNOV, points so strongly and overwhelmingly in his favor that reasonable men could not arrive at a contrary verdict on the issue. Only if the appellate court finds that the trial judge properly granted the JNOV will it move forward to the second step and review the JNOV under the manifest error standard. Davis v. Wal-Mart Stores, Inc., 00-0445 (La.11/28/00), 774 So.2d 84, 89.
We find that the trial court erred in granting plaintiffs second motion for JNOV. In its opinion on appeal, this Court specifically stated that “reasonable and lafair-minded men in the exercise of impartial judgment might reach different conclusions” based upon the evidence presented at trial. Delco v. Stafford, 2001-0018 (La.App. 1 Cir.2/20/02), 813 So.2d 458, 463; rehearing denied (3/25/02); writ denied, 2002-1125 (La.6/14/02), 818 So.2d 779. We remanded the case with specific instructions to the trial court to sign a judgment in accordance with the jury verdict. On rehearing, we reiterated the finding made in the appeal opinion:
*52 [Without evaluating credibility or weighing evidence, we hold that reasonable men could differ on the severity of plaintiffs injuries, if any, the extent of his disability, if any, and the amount of damages that should have been awarded.
Delco, 813 So.2d at 466.
The trial court thus erred in ordering or allowing a hearing on a JNOV and even allowing the re-evaluation of the JNOV, in finding that the jury was in error, and in granting plaintiffs motion for JNOV. The plaintiff had no right to file a second JNOV. The filing of that motion and its result constitutes an abuse of the process.
The trial court likewise erred in conditionally granting plaintiffs motion for new trial. The delay for applying for a new trial provided in La. C.C.P. art. 1974 applies to all grounds listed in Articles 1972 and 1973; as noted, plaintiffs original motion for JNOV was not accompanied by an alternative motion for new trial. Accordingly, the application is granted insofar as the September 6, 2002 judgment denying defendants-relators’ motion to strike, granting plaintiff-respondent’s motion for JNOV, and conditionally granting plaintiff-respondent’s motion for new trial hereby is reversed. The matter is remanded for the trial court to render and sign a judgment in accordance with the jury verdict. Costs of this writ application are assessed against plaintiff-respondent. In all other respects, the application is denied.
WRIT GRANTED IN PART, DENIED IN PART; REMANDED WITH ORDER THAT THE TRIAL COURT SIGN A JUDGMENT IN ACCORDANCE WITH THE JURY VERDICT.